[Civ. No. 6192. Third Appellate District.—February 8, 1939.]

WESTERN COOPERATIVE DAIRYMEN'S UNION (a Nonprofit Cooperative Marketing Association), Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY et al., Respondents.

J. L. Royle for Petitioner.

U. S. Webb, Attorney-General, Earl Warren, Attorney-General, Eugene M. Elson, Deputy Attorney-General, and F. A. Silveria, District Attorney, for Respondent.

THE COURT.—By this petition for a writ of prohibition the Western Cooperative Dairymen's Union seems to restrain respondents from taking any further proceedings in an action now pending in the county of Merced, entitled *"People of the State of California* v. *Western Cooperative Dairymen's Union, etc., et al.,* No. 12242 in the records of said county.

Briefly that complaint sets forth the efforts on the part of the People to enforce the provisions of the Bovine Tuberculosis Act (Agricultural Code, div. II, chap. 3, art. III, secs. 241–254), and the acts and conduct of the defendants named therein tending to interfere with and impede the carrying out of the terms of said act, and asked for an order restraining those defendants from resisting the administration and enforcement of said act. Based upon such complaint a preliminary injunction was issued, wherein it was ordered:

" . . . that the said defendants Western Co-operative Dairymen's Union, a nonprofit Co-operative Agricultural Marketing Association, C. J. Espinola, W. J. Espinole, Augustine L. Ferreira, Joe C. Gracia, Rollin F. Laurence, Joaquin Oliveira, Joe R. Oliveira, Antone J. Pimentel, Frank C. Robeiro, Antonio F. Silva, George A. Silveira, Bernard Souza, Saverino M. Souza, John Toledo, Joseph V. Lawrence, and each of them, their officers, agents, members, attorneys, servants, employees, or anyone acting for or on behalf of them, or any of them, are hereby enjoined from in any manner, or at all, directly or indirectly, refusing to permit or allow, or resisting the administration of the tuber-

culin test, under and by virtue and otherwise the administration and enforcement of Article 3, Chapter 3, Division II of the Agricultural Code of the State of California, or aiding, abetting, exhorting, advising, counseling or persuading other owners of dairy cattle within the State of California and subject to the aforesaid provisions of said Code from doing likewise.''

In reply to this petition for a writ of prohibition now before us, respondents have demurred on the ground that the petition failed to allege facts sufficient to state a cause of action for the issuance of the writ, and also answered alleging that the matters set forth in the petition had been heretofore considered by this court in *Affonso Bros.* v. *Brock et al.,* 29 Cal. App. (2d) 26 [84 Pac. (2d) 515]; that a similar proceeding has been heretofore presented to the Supreme Court and there denied; that the preliminary injunction is neither uncertain nor ambiguous, and that petitioner has a plain, speedy and adequate remedy at law.

█ The issuance of such a writ as here sought rests largely in the sound discretion of the court, and will only issue where the court is proceeding in excess of its jurisdiction. There is no question but what the court had jurisdiction in the instant case to issue the injunction complained of, and while there may have been some uncertainty as to the constitutionality of the act in question, the same has now been declared constitutional, and the rights of this petitioner and others affected by the restraining order are now more clearly defined, and undoubtedly many of the points formerly in dispute will not again arise.

█ Inasmuch as prohibition is not concerned with proceedings already had, it would be necessary to anticipate that the superior court would commit some act in excess of its jurisdiction. There is here no foundation for such assumption.

An order interfering with the exercise of the functions of a superior court should not be lightly issued. If a question should arise in the future as to the interpretation of the terms of the preliminary injunction, undoubtedly relief can be obtained by a writ of review, which will adequately protect petitioner and its members.

For those reasons the application for the peremptory writ should be denied. It is so ordered.